NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1241
_____

ALONZO LAMAR JOHNSON,
                              Appellant

v.

WARDEN MCDOWELL FCI;
THE ATTORNEY GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cv-01250)
District Judge:  Hon. Lisa P. Lenihan
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2019

Before:   JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: November 26, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Alonzo Johnson appeals from the District Court's order dismissing his petition for a writ of habeas corpus. The Court based that dismissal on the conclusion that it lacked jurisdiction because Johnson was not "in custody" when he filed his habeas petition. We will vacate and remand to the District Court so that it can hold an evidentiary hearing.

I.    BACKGROUND

On July 13, 2010, a Pennsylvania state-court judge sentenced Johnson to serve a prison term of three to six years for drug-related charges. On April 25, 2013, following a complicated procedural history, Johnson was resentenced in that same state-court case to the same prison term and given credit of 1,019 days for the time he had already served for that sentence. On July 30, 2013, a federal judge in the Western District of Pennsylvania sentenced Johnson for different drug-related charges. The sentence was for a term of imprisonment of "300 months with 15 months of the sentence imposed in [the federal] case to concurrently run with the undischarged term of imprisonment" imposed in the state court case. (App. at 46.) It is unclear whether, at the time of his federal sentencing, Johnson was in state or federal custody, and whether he had time left to serve as part of his state sentence. Based on the District Court record, it appears that Johnson has been in federal custody since no later than October 2013.

On August 15, 2016, while in federal custody, Johnson filed a *pro se* petition for a writ of habeas corpus, challenging his state conviction. He filed his petition in the United States District Court for the Western District of Pennsylvania, where it was assigned to a magistrate judge for disposition with the parties' consent. The magistrate judge ordered

2

the government (but not Johnson) to file a brief on the issue of whether Johnson "ha[d] satisfied the 'in custody' jurisdictional requirement to invoke habeas review under 28 USC 2254." (App. at 15.) The government filed a brief in which it acknowledged that it did not have paperwork showing either that Johnson had finished his state sentence or that he would be returned to the custody of the Commonwealth to finish serving his state sentence after he completed his federal sentence. Johnson, on his own initiative, filed a response to the government's brief.

After receiving the parties' submissions, the District Court dismissed Johnson's habeas petition for lack of jurisdiction because it concluded that he was not in custody when he filed the petition. The Court's jurisdictional determination rested on two conclusions: first, Johnson finished serving his state court sentence on July 13, 2016, six years after the date of his state conviction; and second, Johnson's federal sentence did not disrupt his state sentence because "the Judge ordered it to run concurrently to the undischarged remainder of [Johnson's] state sentence." (App. at 8-9.) Johnson timely appealed, and we granted a certificate of appealability on the issue of whether the District Court erred in determining that Johnson was not in custody when he filed his habeas petition.

## II.    DISCUSSION[1]

Johnson argues that the District Court erred in concluding that it lacked jurisdiction because he was not in state custody when he filed his habeas petition. We agree.

"A federal court has jurisdiction to entertain a petition for a writ of habeas corpus under § 2254 only if the petitioner was 'in custody pursuant to the judgment of a State court' when the petition was filed." *Piasecki v. Court of Common Pleas*, 917 F.3d 161, 165-66 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)). For there to be jurisdiction, the petitioner must be in "'custody' that arises 'pursuant to the judgment of a state court' that is under attack." *Id.* at 166. At issue here is whether Johnson was in state custody when he filed his habeas petition challenging his state conviction.

On the present record, the District Court could not properly conclude that Johnson's state sentence ended on July 13, 2016. The Commonwealth conceded in its brief before the District Court that it had no information one way or the other regarding whether Johnson had completed his state sentence or whether he had more time left to serve at the time he filed his habeas petition. The District Court, nevertheless, accepted the Commonwealth's invitation to simply assume that Johnson's state sentence was not interrupted by his transfer to federal custody and thus necessarily terminated in July

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997).

2016. That assumption, however, finds no support in the record. The record lacks any evidence as to when Johnson was transferred from state to federal custody or what conditions may have attended that transfer. What the record does show is that Johnson has spent at least some, and likely all, of the time since October 2013 in federal prisons. There is no evidence that the Commonwealth certified Johnson's three- to six-year sentence as complete as of October 2013 (or any time thereafter). It was clear error for the District Court to conclude, without any supporting evidence, that Johnson had finished serving his state sentence on July 13, 2016.

The District Court likewise erred in reading Johnson's federal sentencing order to require that his federal sentence run concurrently with the remainder of his state sentence. The federal sentencing order states that only 15 months of the federal sentence is to run concurrently with the state sentence. When Johnson was sentenced in the federal case, he could have had more than 15 months remaining on his state court sentence, depending on the length of time in the three- to six-year sentence he was to serve.[2] Accordingly, the

---

[2] Again, there is a lack of information in the record for us to determine how many months Johnson had left on his state sentence when he was sentenced in federal court. His state sentence was between three and six years. The only thing we know about how much of his state sentence he completed is that, on April 25, 2013 when he was resentenced, he had served 1,019 days, or approximately two years and nine months. We do not know how much more of his state sentence he served before he was transferred to federal custody or how much of the three- to six-year range he was required to serve in state custody. It is possible that he served three more months after his April 25, 2013 resentencing, that the state only required him to serve three years, and that he had completed his state sentence. It is also possible that he did not serve any more of his state sentence before being transferred to federal custody, that the state was going to require him to serve six years, and that he thus had more than 15 months of his state sentence remaining when he was sentenced in his federal case. The point is that, on this record, we cannot know.

federal sentencing order did not necessarily require the federal sentence to run concurrently with the remainder of the state sentence, and the District Court was wrong in saying that it did. Moreover, there is no evidence that the Commonwealth agreed to Johnson's serving a portion of his state sentence in federal custody, concurrent with his federal sentence. Thus, it is unclear why, as the Commonwealth argues, the federal court's decision to run its sentence partially concurrent with his state sentence is relevant to whether Johnson completed his state sentence.

The Commonwealth argues that, despite the lack of any evidence that Johnson completed his state sentence before filing his habeas petition, he must have done so because the Commonwealth had primary jurisdiction over him and relinquished control over him to federal authorities. The problem is that the Commonwealth has not produced any paperwork explaining when and under what conditions it relinquished its control over Johnson to the federal authorities. It has provided neither discharge paperwork, showing that Johnson had finished his sentence, nor detainer paperwork, which would be necessary for the Commonwealth to regain custody of Johnson when he completes his federal sentence. Accordingly, the record as it stands is insufficient to make any factual determination about whether the Commonwealth discharged Johnson or whether he has more of his state sentence yet to serve. We cannot, and the District Court rightly could not, resolve the jurisdictional "in custody" question. The District Court accordingly needs to develop a factual record to answer that question at least.

**III.    CONCLUSION**

Because the record is insufficient to answer whether Johnson was in custody when he filed his habeas petition, we will vacate and remand for the District Court to develop an appropriate factual record.